IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT JOSEPH JEWETT,

      Plaintiff,                      No. CIV S-06-2857 MCE EFB P

      vs.

PRISON HEALTH SERVICES, INC.,
et al.,

      Defendants.            <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding *in forma pauperis* and without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On November 27, 2007, the court found that plaintiff had failed to keep the court apprised of his current address and recommended dismissal of the action. On November 29, 2007, plaintiff filed notice of a change of address. Good cause appearing, the findings and recommendations will be vacated.

      By order filed November 1, 2007, the court screened plaintiff's complaint and found that it stated a claim against defendant Hawley. The court instructed plaintiff that he could proceed only against defendant Hawley or choose to file an amended complaint in compliance with the order.

/////

On November 29, 2007, plaintiff filed an amended complaint that seems to be missing a page, or refers back to plaintiff's original complaint. The amended complaint begins, "I was then taken to a temporary waiting cell . . . ." The narrative of facts underlying plaintiff's complaint is fragmented and is not complete in and of itself. Plaintiff was instructed in the November 1, 2007, order that if he chose to file an amended complaint, the amended complaint must be complete in itself without reference to any prior pleading. To proceed, plaintiff must file an amended complaint that complies with this order.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Plaintiff has requested the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 27, 2007, findings and recommendations are vacated.

2. Plaintiff's amended complaint is dismissed with leave to amend within 30 days. Plaintiff shall file either a complete amended complaint or documents for service on defendant Hawley, against whom the court has determined that plaintiff has stated a claim, within 30 days of the date this order is served. If plaintiff chooses to amend, he shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

////

3. Plaintiff's November 29, 2007, request for the appointment of counsel is denied.

Dated: December 20, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE