IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EVERETT JOSEPH JEWETT, | ) | No. 2:06-CV-02857 ODW |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| PRISON HEALTH SERVICES, INC. | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff has recently filed two motions on a closed case. On July 6, 2011 he filed a motion to re-open this case [49] and on July 22 he filed a motion to re-file his complaint. [53] In the latter motion, he makes several requests for the appointment of counsel. On more than one occasion, the court has advised Plaintiff that there are no provisions in the law for the appointment of counsel to represent an indigent party pursing a civil action. Once again, and hopefully for the final time, the request is DENIED.

    On March 29, 2011 the court ordered this matter dismissed due to plaintiff's failure to keep the court advised of his current residence. It is curious that plaintiff does not seek to justify his failure or refusal to obey the court's order regarding keeping the court advised of his current address. He merely seeks to nullify the order without offering an explanation

for his non-compliance in the first instance.  A  motion for reconsideration, if indeed that is how the court is to construe these recent filings, must demonstrate some reason why the court should reconsider its decision.  *Medford Pacific v. Danmor Construction, Inc.*, 2 F.Supp.2d 1322, 1323 (D.Or.1998).  Plaintiff has offered no such rationale, therefore the request to "re-open the case" is denied.

As for plaintiff's request  to "re-file" his complaint, he does not need the court's permission to file a pleading or initiate an action to redress grievances . If he wishes to file a complaint, then he may do so.  However, a complaint is not "refiled." The original action, 06-02857 ODW has been dismissed.  It will not be re-opened nor will the dismissal be set aside.  If plaintiff is desirous of initiating a new action then he is free to do so.  The new complaint, however, must  be a stand-alone pleading.  It must not rely on or incorporate by reference any other pleading.  It will have an entirely new case number, and of course, it must only allege claims that remain viable under the applicable statutes of limitation.  The First Amended Prisoner Civil Rights Complaint [52] is not legally sufficient and has been filed in a closed case.  It is of no legal consequence.

Lastly, Plaintiff is cautioned that this file is CLOSED.  No other documents are to be filed under this case number and this will be the court's last order issued in this case.

DATED: July 25, 2011

OTIS D. WRIGHT, II, DISTRICT JUDGE